Mr. Chiee Justice Bingi-iam
delivered the opinion of the Court:
On the 18th day of August, 1880, the plaintiff commenced an action at law against the defendant to recover from him the unpaid balance of a decree in equity. A summons was issued and returned not found. Subsequently another summons was issued, which was also returned not found. On the 6th day of October, 1887, an alias summons was returned with the following endorsement :
“Service accepted for Alexander R. Shepherd, October 6, 1887. ’
... ri -r> “A. C. Bradley,

“Attorney.”

On the 2d day of November, 1887, the defendant filed a motion to dismiss, for the reason that at the time the action was brought the defendant was not an inhabitant of, or found within, the District of Columbia, and because said action was brought in violation of Section 767 of the Revised Statutes of the District of Columbia. This was supported by affidavit. The case was certified to the General Term to be heard upon this motion. Section 767 of *599 the Revised Statutes for the District of Columbia, reads as follows:
“ No action or suit shall be brought in the Supreme Court by original process against any person who shall not be an inhabitant of or found within the District, except as otherwise specially provided.”
The claim made by the defendant is that as he was not an inhabitant of the District of Columbia at the date of the commencement of the action, and was not then found within the District, the action cannot be maintained.
It is moreover, claimed, that not only can it not be maintained, but that no action can be brought. That the fact that summons was returned non est, is proof incontestible that the suit should not have been commenced, and that its commencement was in violation of positive law.
On the other hand, it is claimed that the statute, when properly construed, merely means that a suit cannot be maintained; that is, cannot be proceeded with in this District, unless the party is an inhabitant of the District or is found within the District; and that upon a return of not found, another summons may be issued and the case may remain as commenced until the party may obtain service upon the defendant, and that when that service is made the case may proceed.
From the affidavit filed with the motion, it is not shown to us that the defendant had not a domicile in this District; ■that in the proper sense of the term he was not an inhabitant of the District. It is simply stated that before the commencement of this action he had gone to Mexico to stay an indefinite period of time. Such a circumstance does not divest a person of citizenship in this District, as we understand it. He may still have his domicile here, and still be intending to return to this District after having accomplished the business for which he went away. It is not stated in this affidavit that he left the District with the intention of becoming a citizen of another country or State *600 and not returning, or that while away he did not look to this District as his home. There is no proof, in fact produced upon this motion to show that the defendant was not an inhabitant of the District. The mere fact that he may have temporarily left the District does not, as we think, change his status in that respect.
We are of the opinion, also, that this statute properly construed, is to be taken as meaning that no action or suit shall be maintained in this Court by original process against any . person who is not an inhabitant of or found within the District.
It is obvious that the object of this motion is to enable the defendant to plead the Statute of Limitations to any action that might hereafter be brought.
We think the construction which we adopt is one in accordance with a proper understanding of the statute and the real intention of Congress. Parties have a right to bring their actions, for the purpose of preventing the Statute of Limitations from becoming a bar thereto. They have a right to exercise all diligence within their power to preserve their rights.

The motion to dismiss will therefore he overruled.